12-2307-cr
United States v. Feger

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand thirteen.

Present:     ROBERT A. KATZMANN,
             DENNY CHIN,
                      *Circuit Judges*,
             MIRIAM GOLDMAN CEDARBAUM,*
                      *District Judge*.

_____

UNITED STATES OF AMERICA,

             *Appellee*,

        v.                                          12-2307-cr

JOHN M. FEGER,

             *Defendant-Appellant.*

_____

For Appellee:            Monica J. Richards, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, N.Y.

For Defendant-Appellant:  Ryan T. Truskoski, Harwinton, CT.

_____

* The Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Western District of New York (Skretny, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant John M. Feger appeals from a June 13, 2012, amended judgment entered by the United States District Court for the Western District of New York (Skretny, *C.J.*) following a jury trial. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Feger contends that the district court erred in denying his motion for a judgment of acquittal. He argues that the government failed to produce evidence from which a reasonable jury could find that he knowingly possessed a firearm or ammunition. We disagree.

At trial, Feger argued that the prohibited items might have been present in his home without him being aware of them. The jury was entitled to reject that theory. The firearm and the ammunition were found within the house in which Feger lived alone. *See United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001) ("Dominion, control, and knowledge may be inferred by a defendant's exclusive possession of the premises." (quoting *United States v. Wilson*, 107 F.3d 774, 780 (10th Cir. 1997)). With respect to the ammunition, the parole officers found seventy-nine separate rounds, a quantity that makes it reasonable to believe that Feger must have seen at least some of the ammunition while living in the home. With respect to the firearm, the location of the gun behind the door leading to the basement was such that the jury could reasonably infer that Feger would have seen the gun while walking in between the storage room and the basement. "[V]iewing the evidence in the light most favorable to the prosecution and drawing all reasonable inferences in the government's favor," a "rational trier of fact could have

2

found the defendant guilty beyond a reasonable doubt." *United States v. Reyes*, 302 F.3d 48, 52 (2d Cir. 2002).

We have considered Feger's remaining arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk